385 F.2d 406
 James Henry KENT, Appellant,
v.
Arthur T. PRASSE, Commissioner of Corrections of
Pennsylvania, James F. Maroney, Superintendent, Pennsylvania
State Correctional Institution at Pittsburgh, John R.
Clogan, Tag Shop Supervisor, David G. Williams, Assistant
Tag Shop Supervisor, and Walter K. Eroline, Supervisor, Appellees.
 No. 16604.
 United States Court of Appeals Third Circuit.
 Argued Nov. 2, 1967.
Decided Nov. 14, 1967.
 
 Harry Alan Sherman, Pittsburgh, Pa., for appellant.
 Frank P. Lawley, Jr., Deputy Atty. Gen., Dept. of Justice, Harrisburg, Pa. (William C. Sennett, Atty. Gen., Harrisburg, Pa., on the brief), for appellees.
 Before McLAUGHLIN, GANEY and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The appellant ('plaintiff') appeals from an order granting defendants' motion to dismiss his complaint. Plaintiff's complaint alleged that while a state prisoner he was forced to work on a press which was dangerous and unfit and which had previously been condemned to the knowledge of the prison officials. While working thereon he was injured for which he has received no compensation from the State of Pennsylvania and for which he may not sue the state under its law.
 
 
 2
 The plaintiff bottomed his complaint on the Civil Rights Act (42 U.S.C. 1983). The defendants below were the Commissioner of Corrections and other officials of or employees connected with the state prison where appellant was injured. The district court held that the complaint failed to state a claim upon which relief could be granted. It concluded that the acts complained of did not subject plaintiff to the deprivation of rights guaranteed him by the Constitution and laws of the United States. We afree with the conclusion of the district court.
 
 
 3
 Plaintiff claims that he has been deprived of a property right in his physical health without compensation and without due process. We do not believe the failure of the State of Pennsylvania to provide compensation for an injury thus incurred constitutes a deprivation of a constitutionally protected property right. In any event, such a deprivation would be the work of the state, not these defendants.
 
 
 4
 Nor are we able to perceive that a tort committed by a state official acting under color of law is, in and of itself, sufficient to show an invasion of a person's right under the Act. While not dispositive, we note that there is no allegation that defendants violated any state criminal law or acted out of bad motive. Nor it is alleged that any state law was not enforced by the defendants. Compare Monroe v. Pape, 365 U.S. 167, 186, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960). It is most regrettable that the State of Pennsylvania does not provide a remedy here. Indeed, if the matter is brought to its attention, we would think the Legislature might well authorize the filing of an appropriate action. However, we cannot find that the claim here asserted is cognizable under the Civil Rights Act.
 
 
 5
 The judgment of the district court will be affirmed.