Ernest **ROBINSON**

v.

**Julius T. CUYLER et al.**

**Civ. A. No. 77–1818.**

United States District Court,
E. D. Pennsylvania.

Jan. 15, 1981.

Ernest Robinson, pro se.

Angus R. Love, Montgomery County Legal Aid, Norristown, Pa., for plaintiff.

Mark N. Cohen, Asst. Atty. Gen., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

GILES, District Judge.

In this condition-of-confinement civil rights suit, defendant prison officials move for summary judgment, while plaintiff, a former state prisoner, moves for leave to amend.

### I. BACKGROUND

According to the allegations of the verified pro se complaint, plaintiff, while working in the prison kitchen on February 4, 1977, slipped on a wet floor and was burned on his arms and body by an overturned pot of macaroni and cheese. Complaint ¶ 9. On the same day, plaintiff's arms were treated and bandaged, but on the next two days, February 5–6, 1977, plaintiff twice was refused medical treatment by Mr. Patrizio. *Id.* ¶¶ 11–12. Plaintiff claims that the unsafe working conditions violated his rights under the Eighth Amendment, and that the refusal of medical care violated his rights under the Fifth, Eighth, and Fourteenth Amendments. *Id.* ¶¶ 17–18.

### II. MOTION FOR SUMMARY JUDGMENT

Defendants raise three arguments in their Motion for Summary Judgment. They say that they were not personally involved in the incidents of the complaint, that plaintiff's medical claim does not raise a constitutional issue, and that maintaining unsafe working conditions is not actionable under 42 U.S.C. § 1983. Plaintiff, now represented by counsel, essentially argues that negligence is actionable under § 1983. Under Fed.R.Civ.Pro. 56(c), we must render judgment forthwith if these arguments convince us "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

#### A. *Unsafe Working Conditions*

■ The complaint alleges that working conditions in the prison kitchen violate the Eighth Amendment. Complaint ¶ 17. Defendants argue that hazardous working conditions are not actionable under § 1983. Motion for Summary Judgment at 6–7. They rely primarily on *Snyder v. Blankenship*, 473 F.Supp. 1208 (W.D.Va.1979), *aff'd mem.*, 618 F.2d 104 (4th Cir. 1980).

The crucial facts in *Snyder* are almost identical to those here. In *Snyder*, a prisoner slipped on a slick kitchen floor, sustaining a severe injury. Offering proof of past serious injuries resulting from slips on the floor, Snyder claimed that the prison officials deliberately required him to work in unsafe conditions, thereby depriving him of his Eighth Amendment rights. *Id.* 1209–10. After an extensive discussion, *id.*, 1211–13, Judge Williams concluded that the Eighth Amendment had not been violated, and dismissed the prisoner's complaint. He reasoned that "[m]erely undesirable conditions or practices" neither violate "evolving standards of decency," *id.* 1212 (quoting *Trop v. Dulles*, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958)), nor "involve the unnecessary and wanton infliction of pain," *id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)), and concluded: "Only when prison conditions become so deplorable as to fall within the range of subhuman treatment can a federal court intervene." *Id.*

Plaintiff argues that hazardous working conditions are actionable under § 1983 because negligence is actionable under § 1983. Plaintiff's Response to Defendant's Motion

for Summary Judgment, § IV [hereinafter cited as Plaintiff's Response].[1]

The actionability of negligent constitutional violations is an open question, *see, e. g., Baker v. McCollan*, 443 U.S. 137, 139–40, 99 S.Ct. 2689, 2692–93, 61 L.Ed.2d 433 (1979); *Snyder*, 473 F.Supp. at 1210–11, which has engendered scholarly discussion, *e. g.*, Comment, *Actionability of Negligence Under Section 1983 and the Eighth Amendment*, 127 U.Pa.L.Rev. 533 (1978), and division within the courts, *see, e. g., Snyder*, 473 F.Supp. at 1210–11, including a split within this district. *See* Judge Green's discussion in *Riccobono v. Whitpain Township*, 497 F.Supp. 1364, 1375 & n.12 (E.D.Pa.1980). We need not, however, reach this issue because plaintiff's argument is inapposite. The question of negligence relates to § 1983 actions only in that someone's negligence may be the *cause* of a constitutional violation. Section 1983 creates an action against a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

Defendants here argue that there was no constitutional violation. Following Judge Williams' reasoning and result, we agree. A slippery kitchen floor does not inflict "cruel and unusual punishments." U.S. Const. amend. VIII.

Plaintiff's response misses the point. Unless defendants deprived him of a constitutional right, their alleged negligence is irrelevant. *See Baker*, 443 U.S. at 140, 99 S.Ct. at 2692. The complaint alleges an Eighth Amendment violation. There is none. Mere negligence is not actionable under § 1983. *See, e. g., Paul v. Davis*, 424 U.S. 693, 700–01, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976); *Howell v. Cataldi*, 464 F.2d 272, 277 (3d Cir. 1972). Were this a motion to dismiss a pro se complaint under Rule 12(b)(6), we might allow plaintiff to amend to allege deprivation of a different constitutional right. *See, e. g., Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (on motion to dismiss, pro se complaint held to less stringent standard than lawyer-drafted pleading). Plaintiff, however, is represented by counsel who, in response to defendants' argument, has had adequate opportunity to call our attention to any other deprivation caused by the kitchen working conditions. He has not done so, and we question whether he could. *See Kent v. Prasse*, 385 F.2d 406, 407 (3d Cir. 1967). Judgment, therefore, will be entered for defendants on plaintiff's claim of hazardous working conditions.

### B. *Medical Claim*

Defendants argue that refusal, on one night, to treat plaintiff's burns, did not deprive him of an Eighth Amendment right, Motion for Summary Judgment at 4–6, and in any event, that the named defendants are not liable because they did not participate in the refusal to treat. *Id.* 2–3. Plaintiff replies that there was a deliberate deprivation of medical care,[2] and that de-

1. Plaintiff's complete argument is that:

    A majority of cases hold that negligence does support a 1983 action, so long as the injury is a forseeable consequence of the negligent act.... The maintainence [sic] of a wet floor given the red tile makeup and given the requirement that inmates wear institutional shoes, does make a slip and fall a forseeable consequence of the slippery floor. Thus liability attaches for the condition and defendant's negligence in allowing such conditions to exist.

    (Citations omitted).

    Plaintiff also extensively argues that defendants are culpable by virtue of failure to supervise, negligence, or mere respondeat superior. (*E. g.*: "Since the Nuremburg trials, the principal [sic] that those at the top of the chain of command must assume responsibility for the actions of their subordinates has received mixed reactions." Plaintiff's Response, § II.)

2. Normally, if a motion for summary judgment is supported by sworn affidavits or other material, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e); *see Liotta v. National Forge Co.*, 629 F.2d 903, 907–08 (3d Cir. 1980),

fendants are liable despite their lack of direct participation.

In *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) the Court held that: "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." The seriousness of plaintiff's medical needs is at issue. *See, e. g.*, Complaint, ¶¶ 12–13 (constant pain, severe blistering, raw, leaking wounds). Plaintiff also says that Mr. Patrizio deliberately refused treatment on February 5 and 6, 1977. *Id.* ¶ 12. Plaintiff, however, has not disputed the affidavits' showing that the named defendants were ignorant of Mr. Patrizio's refusal to treat. Motion for Summary Judgment, Affidavits of Julius T. Cuyler, Daniel T. Sims, and Thomas Bitler.

Instead, plaintiff seems to rely on theories of negligence and supervisory liability. For this sort of Eighth Amendment violation, however, *Estelle* requires *deliberate* indifference. *See, e. g., Jerry v. Francisco*, 632 F.2d 252, 256 (3d Cir. 1980) (Adams, J., concurring) ("[P]ersonal involvement or actual knowledge by the defendants of the need for medical attention is a prerequisite for § 1983 liability predicated on inadequate medical care . . . ."); *id.* 256 n.5 (majority agrees with Judge Adams); *Hampton v.*

*Holmesburg Prison Officials*, 546 F.2d 1077, 1080–82 (3d Cir. 1976); *Santiago v. City of Philadelphia*, 435 F.Supp. 136, 150 (E.D.Pa. 1977). Given defendants' undisputed ignorance of the refusal to treat, they cannot have been deliberately indifferent. They are entitled to summary judgment on plaintiff's remaining claim.

## III. MOTION FOR LEAVE TO AMEND

Plaintiff now moves to amend his complaint. The new complaint would contain only one substantial difference—the addition of three new defendants: Charles Schock, a kitchen steward; Michael Scheer, a prison paramedic; and Mr. Patrizio, a prison-hospital employee. Plaintiff, without citation, argues that his Motion for Leave to File Amended Complaint [hereinafter cited as Motion to Amend] must be granted in order to litigate all issues between the parties.[3] Defendants reply that the motion must be denied because it is delayed and would prejudice the new defendants because the statute of limitations has run.

The events giving rise to the complaint occurred on February 4–6, 1977. The pro se complaint was filed on June 7, 1977. Counsel for plaintiff served his entry of appearance on July 24, 1978, and filed it on August 24, 1978. On January 4, 1980, the case

---

*cert. denied* —— U.S. ——, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). The affidavits in response must be made on personal knowledge, set forth facts admissible in evidence, and affirmatively show that the affiant is competent to testify as to the sworn facts. Fed.R.Civ.Pro. 56(e).

Normally, pleadings do not meet this standard because they need not be verified, Fed.R. Civ.Pro. 11, and because they are made by an attorney, *id.*, who is without personal knowledge of the facts, and is otherwise incompetent to testify. *See e. g., Kroungold v. Triester*, 521 F.2d 763, 765–66 (3d Cir. 1975); *Zions First Nat'l Bank v. United Health Clubs, Inc.*, 505 F.Supp. 138 at 139–140 (E.D.Pa.1981) (denying disqualification motion); 42 Pa.Cons.Stat.Ann. DR 5–102 (Purdon 1973). In this case, however, the complaint is supported by a notarized, sworn verification. Complaint at 6. The affiant is the plaintiff, who speaks from personal knowledge. Finally, he is not a lawyer, and is competent to testify at trial. Thus, plaintiff has not rested on "mere allegations." For these

reasons, we hold that the statements in his complaint, referenced in Plaintiff's Response, meet the standards for an affidavit of Fed.R. Civ.Pro. 56(e). These statements therefore must be considered in response to defendants' motion.

3. Plaintiff's entire argument is:

Federal Rule of Civil Procedure 15(a) allows for Amendments to a Complaint on the ground that justice so requires in order that all issues between the parties may be litigated in this action. The February 15, 1980 deposition revealed that Plaintiff's case contains essentially two issues. The first regards the conditions of the kitchen at the time of the accident. The second deals with the medical care received after the accident. In order to properly establish liability, the medical personnel involved in the alleged lack of treatment must be named as defendants. Thus an Amended Complaint is hereby submitted in order to cure these defects.

was transferred to our docket. Shortly thereafter, a conference was held to determine the status of the case. Following the conference, we ordered that any motion for summary judgment be filed by March 3, 1980. Three weeks later, on February 29, 1980, plaintiff moved to amend. The motion was denied without prejudice for failure to comply with local court rules, and was renewed on March 25, 1980.

■■■ A motion for leave to amend is committed to the sound discretion of the trial court. *E. g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Skehan v. Board of Trustees of Bloomsburg State College*, 590 F.2d 470, 492 (3d Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). *See generally,* 3 *Moore's Federal Practice* ¶ 15.08 (1980); 6 C. Wright & A. Miller, *Federal Practice and Procedure* Civil §§ 1484–1488 (1971 & Supp. ·1980) [hereinafter cited as Wright & Miller]; Annot., 4 A.L.R.Fed. 123 (1970). Leave to amend "shall be given freely when justice so requires," Fed.R.Civ.Pro. 15(a). In deciding such a motion, we are to consider factors like untimeliness, undue delay, bad faith, futility, and prejudice to adverse parties. *See, e. g., Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Skehan*, 590 F.2d at 492 (citing 3 *Moore's Federal Practice* ¶ 15.08[4] at 91–94).

■■ In this case, the motion was filed almost three years after the complaint, and over one and one-half years after plaintiff's counsel served his appearance. The motion therefore is untimely.[4] The attempted amendment is not based on newly discovered information or any other recent event. Instead, it rests on information known to plaintiff and alleged in the original complaint. *Compare* Complaint *with* Motion to Amend, Exhibit "A" (Amended Complaint).

Thus, the motion is not merely untimely, it is also delayed. *See, e. g., Eisenmann v. Gould-National Batteries, Inc.*, 169 F.Supp. 862, 863–64 (E.D.Pa.1958) (motion filed 23 months after complaint, based on information known at time of complaint); *Darcy v. North Atlantic & Gulf S.S. Co.*, 78 F.Supp. 662, 664 (E.D.Pa.1948) (motion filed 19 months after pleading, information known at time of pleading, no excuse for delay); *Friedman v. Transamerica Corp.*, 5 F.R.D. 115, 116 (D.Del.1946) (motion filed over 16 months after complaint, fourth attempt to amend); 6 Wright & Miller, *supra*, Civil § 1488, at 438 ("[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent."). *See generally* Annot., 4 A.L.R.Fed. 123 (1970). Counsel makes no effort to explain or excuse the delay.

As to the new defendants other than Mr. Patrizio, the motion is presently futile. For the same reasons we granted summary judgment of the original complaint, we would grant a Rule 12(b)(6) motion to dismiss the amendment complaint.[5]

Finally, the timing of the motion raises independent problems of prejudice and futility. This prejudice results first from the passage of time between cause of action and attempted amendment—over three years. *See, e. g.,* 6 Wright & Miller, *supra*, Civil § 1488, at 439–41 ("risk of substantial prejudice increases with the passage of time" *id.* 439). Furthermore, during this time the statute of limitations has expired. The applicable period is two years. Pa.Stat. Ann. tit. 12, § 34 (Purdon 1953) (two-year limitation for non-fatal personal injuries), *repealed*, Judiciary Act Repealer Act, Act No. 1978–53, § 2(a), 1978 Pa.Laws 202, 264; *see, e. g., Swietlowich v. County of Bucks*, 610 F.2d 1157, 1162 (3d Cir. 1979) (applicable limitation determined by borrowing from state statute); *Skehan v. Board of Trustees of Bloomsburg State College*, 590

---

4. We are aware that leave to amend should not be denied merely because of untimeliness. *See generally* 3 *Moore's Federal Practice* ¶ 15.-08[4], at 15–102 to 105. Thus, we also look to other factors.

5. We could not dismiss Mr. Patrizio on the same basis as the summary judgment because, unlike all other defendants, he allegedly deliberately refused medical care.

F.2d 470, 476–77 (3d Cir. 1978), *cert. denied*, 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979); *id.* 477 n.12 (applicable statute is that in effect when action is filed); *Mitchell v. Hendricks*, 431 F.Supp. 1295, 1298 (E.D. Pa.1977). *See also* 42 Pa.Cons.Stat.Ann. § 5524(2) (Purdon 1980) (current statute, two-year limitation for personal injuries due to wrongful act or neglect).

Thus, if the proposed amendments relate back to the date of the original complaint, the new defendants would be extremely prejudiced. Under Fed.R.Civ.Pro. 15(c), amendments changing a party relate back only if the additional party received such notice that prejudice is avoided, and he knew or should have known that, but for a mistake in identity, he would have been a defendant. Plaintiff's pleadings demonstrate that there was no mistake in identity. Thus, the amendments would not relate back, the action would be barred if limitations were pleaded, and amendment would be futile.

Therefore, because the Motion to Amend is untimely, unexcusably delayed, futile, and prejudicial, and because plaintiff offers only a conclusory reason for amendment, the motion is DENIED.