Melvin Wayne **THAXTON**, Plaintiff,

v.

Jim **ROSE**, Warden, et al., Defendants.

No. 3–83–0436.

United States District Court,
M.D. Tennessee,
Nashville Division.

June 3, 1983.

Melvin Wayne Thaxton, pro se.

## MEMORANDUM

WISEMAN, District Judge.

Plaintiff, an inmate at Tennessee State Penitentiary, has filed a complaint under 42 U.S.C. § 1983 alleging a deprivation of his civil rights along with a motion to proceed in forma pauperis. Although plaintiff may proceed in forma pauperis, his complaint shall be dismissed for failure to state a claim.

Plaintiff alleges that on March 25, 1983, he suffered a severe injury to his right hand when he was at his work area in the prison laundry. Named as defendants in this action are Jim Rose, Warden at the Penitentiary, and two Penitentiary employees, Charles Myatt and Cecil Thomas.

Plaintiff claims that he was standing by the press machine in the laundry room when the machine suddenly closed on his right hand, causing great pain and substantial impairment in the use of his hand. In his complaint, plaintiff alleges that had the press machine been properly maintained, safety devices would have prevented the machine from closing accidentally on his hand.

As his cause of action, plaintiff contends that the negligence on the part of defendants deprived him of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that defendants were negligent by failing to provide a reasonably safe place within which to perform his work duties, by permitting a defective machine to remain in operation, and by failing to inspect properly the machine for defects.

The essence of this complaint is that defendants' negligence violated the prohibition against cruel and unusual punishment. Whether or not the negligent deprivation of a constitutional right states a claim under section 1983 is a question open for debate. *See Baker v. McCollan,* 443 U.S. 137, 139–40, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433, 439 (1979). However, "before the relationship

between the defendant's state of mind and his liability can be meaningfully explored, it is necessary to isolate the precise constitutional violation with which he is charged." *Id.* at 140, 99 S.Ct. at 2692. The precise charge here is that defendants' negligence in maintaining the press machine caused plaintiff's injury which, under the circumstances, constitutes cruel and unusual punishment.

■ Plaintiff's allegations fall short of stating a violation of the ban on cruel and unusual punishment. To determine whether conduct constitutes "cruel and unusual" punishment, courts must look to see if the alleged acts contravene "evolving standards of decency." *Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958). The Supreme Court has recently stated that

> ... the protection afforded by the Eighth Amendment is limited. After incarceration, only the "unnecessary and wanton infliction of pain," *Estelle v. Gamble,* 429 U.S. [97] at 103, 97 S.Ct. 285 [290], 50 L.Ed.2d 251, quoting *Gregg v. Georgia,* 428 U.S. [153] at 173, 96 S.Ct. 2909 [2925], 49 L.Ed.2d 859, constitutes cruel and unusual punishment forbidden by the Eighth Amendment.

*Ingraham v. Wright,* 430 U.S. 651, 669–70, 97 S.Ct. 1401, 1411–12, 51 L.Ed.2d 711, 729 (1977).

■ Assuming, *arguendo,* that plaintiff's allegations are true, this Court nevertheless finds that under the current standards, a defective press machine in the laundry room does not inflict "cruel and unusual" punishment. *See Robinson v. Cuyler,* 511 F.Supp. 161 (E.D.Pa.1981) (slippery floor in prison kitchen does not violate Eighth Amendment standards).

Stripped of its Eighth Amendment claim, plaintiff's complaint sounds in tort. Plaintiff alleges that defendants violated the duty of care which they owed plaintiff. Without minimizing the serious nature of the alleged injury, this Court finds that this complaint does not state a claim under section 1983. Although the Supreme Court has not ruled on the actionability of negligent constitutional violations, it has ruled that

Section 1983 imposes liability for violations of rights protected by the Constitution, *not for violations of duties of care arising out of tort law.* Remedy for the latter type of injury must be brought in state court under traditional tort-law principles.

*Baker v. McCollan, supra,* 443 U.S. at 146, 99 S.Ct. at 2695 (emphasis added). In *Baker,* the Court stated that

> Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 [292], 50 L.Ed.2d 251 (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

*Id.* at 146, 99 S.Ct. at 2695. Similarly, plaintiff's complaint that defendants failed to provide a safe workplace does not state a constitutional violation simply because the plaintiff is a prisoner and the defendants are prison officials. Plaintiff must seek his remedy in state court. This action shall be dismissed.