Jeremy DENZ, Plaintiff,

v.

**CLEARFIELD COUNTY, Defendant.**

Civ. A. No. 89–152.

United States District Court, W.D. Pennsylvania.

May 4, 1989.

J. Bradley Kearns, Pittsburgh, Pa., for plaintiff.

Thomas P. McGinnis, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

SMITH, District Judge.

This matter comes before the Court on defendant Clearfield County's Motion to Dismiss plaintiff Jeremy Denz' Amended Complaint.[1] We grant the motion.

Plaintiff alleges that while he was a prisoner at the Clearfield County Prison, on July 17, 1988, he slipped and fell while stepping down from his bunk and suffered injuries to his mouth, teeth, and jaw. The fall was caused by moisture accumulating on the walls and floor of his cell due to the prison's allegedly defective and inadequate ventilation system. Defendant's liability is based on the allegations, accepted as true for the purposes of this motion, that Clearfield County's prison officials knew of the hazard but "deliberately, willfully, wantonly and recklessly failed to correct said conditions." Amended Complaint, paragraph 15. The inaction of the prison officials allegedly was pursuant to an official policy of Clearfield County. Plaintiff asserts his federal cause of action pursuant to 42 U.S. C. § 1983, alleging that his rights under the Eighth and Fourteenth Amendments were violated, and appends a state law claim for negligence.

█ The Eighth Amendment claim may be summarily dismissed. It is obduracy tantamount to a willingness that harm occur unnecessarily to a prisoner that implicates the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319, 321, 106 S.Ct. 1078, 1084, 1085, 89 L.Ed.2d 251 (1986). Dank, hot and humid cell conditions do not constitute cruel and unusual punishment;

the occurrence of a slip and fall injury as a result does not transform this into the "wanton infliction of unnecessary pain." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Alternatively, plaintiff may be attempting to state a claim for the denial of his liberty interests in bodily security without due process of law, under the due process clause of the Fourteenth Amendment. Although plaintiff does not distinguish between substantive and procedural due process, we treat this action as one solely for procedural due process.

█ The substantive due process rights which protect a committed prisoner are equivalent to those provided by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986). The law is well settled, though, that the Fourteenth Amendment is not a "font of tort law" to be used to convert otherwise unremarkable state negligence claims into federal lawsuits. *Daniels v. Williams*, 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986). There is no constitutional liberty interest infringed upon by merely negligent conduct of the prison officials. *Id.*, 474 U.S. at 330–331, 106 S.Ct. at 664–665.

█ Our analysis could properly end at this point, because we believe that plaintiff pleads only negligent conduct, despite the insertion of the phrase "deliberate willful and wanton." To the extent that plaintiff does state conduct which amounts to an intentional or reckless invasion of his liberty interests, and assuming that anything less than intentional conduct is sufficient to raise a due process question, but see *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 he does not have a claim because his deprivation is not "without due process." He has a state forum both for intentional and negligent conduct, under the Pennsylvania Political

1. Plaintiff filed his complaint on January 24, 1989. Defendant's Motion to Dismiss was filed in response on March 13, 1989. We directed that a response be filed by March 27, 1989; on that date plaintiff filed the Amended Complaint at issue. The Amended Complaint is, with the exception of deleting "willfully wantonly and deliberately" in paragraph 8, identical to the Complaint.

Subdivision Tort Claims Act. 42 Pa.C.S. § 8541, et seq. The existence of a state court forum for pursuing a post-deprivation remedy in a case, such as here, where a pre-deprivation hearing is by definition impossible, provides plaintiff all the process he is due. See *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct. 1908, 1916, 68 L.Ed. 2d 420 (1981) (negligent taking of inmate's property) *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984) (intentional deprivation of inmate's property).[2]

It may be, as plaintiff asserts, that the Political Subdivision Tort Claims Act would grant immunity to Clearfield County for intentional torts, although the individuals allegedly responsible would not be immune. But an otherwise constitutional immunity statute does not violate due process simply because it limits or even precludes recovery by the plaintiff against whomsoever he wishes to sue. See *Davidson v. O'Lone*, 752 F.2d 817, 831 (3d Cir.1984) (concurring opinion of Garth and Weis, J.J.) *aff'd sub nom. Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). See also *Daniels v. Williams*, 474 U.S. 327, 336–43, 106 S.Ct. 662, 677–81, 88 L.Ed.2d 662 (concurring opinion of Stevens, J.).

Finally, because plaintiff states no independent federal claim, we lack jurisdiction over his pendent state claim. An appropriate order will follow.

## ORDER

AND NOW, this 4th day of May, 1989, it is

ORDERED, that defendant's Motion to Dismiss is granted. The Amended Complaint is dismissed, and the Clerk is directed to mark these matters closed.

---

**2.** The distinction drawn by Justice Blackmun in his concurrence to *Parratt v. Taylor*, 451 U.S. at 545, 101 S.Ct. at 1917, that adequate state law post-deprivation remedies do not preclude due process claims based on liberty interests and not property interests is not supported by prior Supreme Court precedent. *Ingraham v. Wright*, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977), plainly held that although Fourteenth Amendment liberty interests were implicated by corporal punishment of public school students, the common law remedies provided by Florida satisfied the requirements of due process. Justice Blackmun himself recognized this in his opinion in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 n. 10, 102 S.Ct. 1148, 1158 n. 10, 71 L.Ed.2d 265 (1982).