**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN W. FLANDRO,

      Plaintiff - Appellant,

v.

SALT LAKE COUNTY JAIL and
SALT LAKE COUNTY,

      Defendants - Appellees.

No. 01-4168
D.C. No. 2:00-CV-621-ST
(D. Utah)

**ORDER AND JUDGMENT**\*

Before **SEYMOUR**, **EBEL** and **BRISCOE,** Circuit Judges.

      While an inmate in the Salt Lake County Jail, Stephen Flandro filed a

complaint under 42 U.S.C. § 1983 alleging his slip and fall in a soapy shower

violated the Cruel and Unusual Punishment Clause of the Eighth Amendment.

The district court construed plaintiff's complaint as asserting two separate claims,

one under § 1983 for violation of the Eighth Amendment, and the other for

---

\*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

negligence under state tort law. The court dismissed the Eighth Amendment cause of action for failure to state a claim, and the perceived negligence cause of action on the ground that it was barred by the Utah Governmental Immunity Act. On appeal, Mr. Flandro challenges the dismissal of his Eighth Amendment claim.[1] For the reasons set out below, we affirm.

We review the trial court's dismissal of these claims *de novo*. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). We will accept the complainant's allegations of fact as true, but we will not accept assertions of opinions or conclusions where no facts are alleged to support them. *Id.*; *Coopersmith v. Superior Court,* 465 F.2d 993, 994 (10th Cir. 1972) (per curiam). Mr. Flandro asserts that the jail's shower floor became slippery due to the mixture of shampoo, soap, and water, and that this condition was sufficiently serious to violate the Eighth Amendment. Mr. Flandro cites no authority for this proposition.

The correct standard for an Eighth Amendment conditions-of-confinement claim requires a knowing disregard of "excessive risk to inmate health or safety."

---

[1] Mr. Flandro appears to have construed the district court's order as saying that it dismissed his § 1983 action for failure to state a claim, and that even if it did state a claim it would have been barred by the state immunity law. As noted above, however, we believe the district court was only applying state immunity law to what it perceived to be a state law claim for negligence. As Mr. Flandro has stated that he does not assert a negligence claim, we address only the Eighth Amendment claim and do not discuss the applicability of state immunity law.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001). Furthermore, the condition must deprive the inmate of "the minimal civilized measure of life's necessities" and the official involved must have a "sufficiently culpable state of mind" amounting to "deliberate indifference" to a "substantial risk of serious harm to an inmate." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (internal quotations omitted).

Slippery shower floors constitute a daily risk faced by the public at large. Cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment. *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"(quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D.Pa. 1989) (slippery cell from humidity); *Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor); *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N.D. Ill. 1979) (greasy stairway); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (pool of soapy water from leaking dishwasher). Mr. Flandro seeks to meet the excessive risk or substantial risk standard on a result-oriented basis, that is, he has alleged a serious injury so he maintains the condition must be serious. However, a serious injury by itself does not necessarily render a condition excessively or even substantially risky. Because a soapy shower floor does not

constitute an excessive or substantial risk nor deprive an inmate of the minimal civilized measure of life's necessities, we agree with the district court that Mr. Flandro has failed to state a constitutional claim.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge