**Gregory L. MITCHELL, Plaintiff,**

v.

**STATE OF WEST VIRGINIA; Jerry Dale, Warden of Huttonsville Correctional Center, Defendants.**

**Civ. A. No. 83–0030–E.**

United States District Court, N.D. West Virginia, Elkins Division.

Jan. 24, 1983.

## MEMORANDUM OPINION

ROBERT EARL MAXWELL, Chief Judge.

Plaintiff, an inmate at the Huttonsville Correctional Center in West Virginia, has submitted a complaint pursuant to 42 U.S.C. § 1983. It is alleged that on August 9, 1982, while turning in his tray in the institution's dining hall after lunch, Plaintiff slipped and fell on some butter that had somehow fallen to the floor. Plaintiff states he was subsequently transported to a hospital outside the prison where he was examined. Two weeks of bed rest and a neck brace were prescribed. Following this period, Plaintiff states he completed a course of physical therapy and now wears a back brace when he is out of bed. Plaintiff further alleges that he is in constant pain as a result of the fall. A fair reading of the complaint reveals that the sole claim against the Defendant[1] is that the accident took place because the dining hall floor was not maintained in such manner as to keep it free from debris. In the parlance of the legal profession, this is a "slip and fall" case.

■ The issue before the Court is whether a "slip and fall case," without more, will state a claim for relief under 42 U.S.C. § 1983. "The question of whether simple negligence is sufficient to support a civil rights action for the violation of constitutional rights ... has been troublesome to the bench and bar for some time." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 872 (6th Cir.1982). Confusion in this area has arisen because some state law torts have been held to form a cause of action under § 1983. *See Street v. Surdyka,* 492 F.2d 368, 371 (4th Cir.1974). Much of the body of law on defenses to actions sounding in tort has been found to be applicable to § 1983 proceedings. *See, e.g., Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Confusion is also engendered because, like common law negligence, there is no state of mind requirement for a claim under § 1983, and defendants may be found liable without proof of an "intent" to deprive one of constitutional rights. *See Parratt v. Taylor,* 451 U.S. 527, 534–535, 101 S.Ct. 1908, 1912–1913, 68 L.Ed.2d 420 (1981).

■ While the Supreme Court has been unable to decide with finality whether mere negligence will support a claim for relief under § 1983, a trilogy of cases[2] directs trial courts to focus initial inquiries on factors derived from the language of the statute itself. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, it must be alleged that the conduct complained of deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States and that the conduct was committed by a person acting under the color of state law. *Parratt,* 451 U.S. at 535, 101 S.Ct. at 1912.

■ It is certain that not all violations of duties of care arising out of tort law become constitutional violations merely because the victim is a state prisoner and the defendant is a state official. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (medical malpractice), *Major v. Benton,* 647 F.2d 110 (10th Cir. 1981) (failure to formulate safety measures for prison work detail).

---

1. Due to the general inapplicability of the doctrine of respondeat superior in § 1983 actions, *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977), the named Defendant may be an inappropriate party to this action. The Court's disposition of this controversy, however, makes discussion of this issue unimportant.

2. *Parratt,* supra; *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978).

In the instant action, Plaintiff seeks $500,000 in monetary damages based on the Defendant's failure to maintain the dining hall floor free from debris, resulting in his "slip and fall." It is the opinion of the Court that this series of events, though unfortunate, states no deprivation of constitutional magnitude. There is no implication of an Eighth Amendment violation. A "slip and fall," without more, does not amount to cruel and unusual punishment.[3] Similarly, there has been no deprivation of due process. Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles. *See Major v. Benton, supra.* To hold that this kind of injury or loss is a deprivation of constitutional rights would trivialize and grossly distort the meaning and intent of the Constitution. *See Parratt,* 451 U.S. at 545, 101 S.Ct. at 1917 (Stewart, J., concurring).

An order has been entered this day dismissing this civil action.

---

**3.** The Court would note Plaintiff alleges rather extensive treatment of his injuries, thus fore-

closing any notion of indifference to serious medical needs.