**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 3 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TOYA JEFFON REYNOLDS,

      Plaintiff-Appellant,

v.

ROBERT POWELL, Captain; DAVID
MORREY, Officer; KEN KNOBEL,
Officer,

      Defendants-Appellees.

No. 03-4156

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 2:99-CV-625-PGC)

---

Submitted on the briefs:

Toya Jeffon Reynolds, Pro Se.

Nancy L. Kemp, Assistant Attorney General, Mark L. Shurtleff, Utah Attorney
General, Salt Lake City, Utah, for Defendants-Appellees.

---

Before **EBEL** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

**EBEL** , Circuit Judge.

In this 42 U.S.C. § 1983 action, plaintiff-appellant Toya Jeffon Reynolds, a state prisoner appearing pro se, appeals the summary judgment entered by the district court in favor of defendants-appellees Robert Powell, David Morrey, and Ken Knobel.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.[1]

Plaintiff is incarcerated at the Uinta IV maximum security facility in Draper, Utah.  Defendants are correctional officers at the Uinta IV facility, and plaintiff alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to a hazardous condition in the prison shower area.  Although the district court found that plaintiff had put forth sufficient evidence to establish a violation of the Eighth Amendment, the court also determined that plaintiff had failed to establish that the law governing defendants' conduct was clearly established at the time of the violation.  *See* R., Vol. II, Doc. 35 at 5-8.  As a result, the district court concluded that defendants were entitled to summary judgment based on their affirmative defense of qualified immunity.  *Id.* at 8.

As set forth below, unlike the district court, we conclude that plaintiff put forth insufficient evidence to establish a violation of the Eighth Amendment.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Consequently, we affirm the entry of summary judgment on that basis, and we do not reach the issue of whether the Eighth Amendment right allegedly violated by defendants was clearly established at the time of plaintiff's incident.  *See Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 528 (10th Cir. 1994) (noting that "[w]e review a summary judgment fully and may affirm on grounds other than those relied on by the district court when the record contains an adequate and independent basis for that result").

## I.

The district court accurately summarized plaintiff's allegations as follows:

> [Plaintiff alleges] that about 6:00 p.m. on February 18, 1999, [he] suffered significant injury to his head, neck, and back when he fell in the shower at the Uinta IV prison facility.  Plaintiff attributes his fall to the fact that the shower area in the prison failed to drain properly and water accumulated in a depression outside the shower area.  Plaintiff asserts that he warned Defendants of the problem several times before he was injured.  Plaintiff specifically warned Defendants that he was at a heightened risk of falling because a previous injury required Plaintiff to use crutches.  Further, Plaintiff alleges that before he fell he asked for extra towels to clean up the water, but Defendant Morrey denied this request; merely telling Plaintiff to be careful.

R., Vol. II, Doc. 35 at 4.  We also note that it is undisputed that plaintiff first noticed the standing-water problem on or about December 27, 1998.  *Id.*, Vol. I, Doc. 3, attached Memorandum in Support of § 1983 Civil Rights Action at 5.  In

addition, we note that plaintiff alleges that another inmate slipped and fell in the shower area on February 5, 1999. *Id.* at 6.

II.

"In an action under section 1983, individual defendants are entitled to qualified immunity unless it is demonstrated that their alleged conduct violated clearly established constitutional rights of which a reasonable person in their positions would have known." *Murrell v. Sch. Dist. No. 1*, 186 F.3d 1238, 1251 (10th Cir. 1999). As a result, "qualified immunity is an affirmative defense to a section 1983 action, providing immunity from suit from the outset." *Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995).

"When the defense of qualified immunity is raised in a summary judgment motion, we apply special rules to determine whether the motion was properly granted or denied." *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996). Specifically, "[t]he plaintiff initially bears a heavy two-part burden [and] must show (1) that the defendant's actions violated a constitutional . . . right, and (2) that the right allegedly violated [was] clearly established at the time of the conduct at issue. Unless the plaintiff carries its twofold burden, the defendant prevails." *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996) (quotations and citation omitted). Thus, our "first inquiry must be whether a constitutional right would have been violated on the facts alleged. . . . If no constitutional right would

have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001); *see also Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir. 2003) ("Order is important; we must decide first whether the plaintiff has alleged a constitutional violation, and only then do we proceed to determine whether the law was clearly established.").

As a threshold matter, plaintiff must therefore demonstrate that he has presented sufficient facts to show that defendants' conduct violated his Eighth Amendment rights. *See DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). Plaintiff does not have to rebut defendants' factual allegations, however, because we view all of the evidence in the record in the light most favorable to plaintiff. *Id.* We also review the legal issues surrounding the grant of qualified immunity de novo. *Id.* Having conducted the required reviews of the evidence and the legal issues in this case, we conclude that plaintiff has put forth insufficient evidence to support his Eighth Amendment claim.

"To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (further quotations

omitted)).  We hold that plaintiff has failed to establish that the standing-water problem was a sufficiently serious condition to warrant constitutional protection under the Eighth Amendment.  Thus, we do not need to address the deliberate indifference requirement.

In order to satisfy the first prong of the *Farmer* test, plaintiff must show that the standing-water problem "rose to the level of [a] 'condition[] posing a substantial risk of serious harm' to inmate health or safety."  *Id.* at 973 (quoting *Farmer*, 511 U.S. at 834).  We conclude that plaintiff has put forth insufficient evidence to make this showing.  To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large.  Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.  *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation omitted); *Denz v. Clearfield County*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D. W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); *Robinson v. Cuyler*, 511 F. Supp. 161, 162, 163 (E.D. Pa. 1981) (finding no Eighth Amendment violation based on

slippery floor in prison kitchen); *Tunstall v. Rowe*, 478 F. Supp. 87, 88, 89 (N.D. Ill. 1979) (finding no Eighth Amendment violation based on greasy prison stairway); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1209, 1212-13 (W.D. Va. 1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), *aff'd*, 618 F.2d 104 (4th Cir. 1980).

Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment. . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Mitchell*, 554 F. Supp. at 1217; *see also Snyder*, 473 F. Supp. at 1212-13 (noting that a prisoner's "slip and fall incident . . . could just have easily occurred in any other state-owned facility," and that the "incident makes out nothing more than a common law tort"). [2] *But see Frost v. Agnos*, 152 F.3d 1124, 1127-29 (9th Cir. 1998) (stating that a disabled prisoner on crutches who had fallen many times at least stated a § 1983 claim under the Eighth Amendment for the multiple risks presented at his prison,

---

[2]    In light of the numerous cases from other circuits holding that the Eighth Amendment does not apply to prison slip and fall incidents, we would conclude that the Eighth Amendment right allegedly violated by defendants was not clearly established at the time of plaintiff's incident if we could reach that issue. *See Murrell*, 186 F.3d at 1251 ("In order for the law to be clearly established, there must be a Supreme Court or other Tenth Circuit decision on point, or the clearly established weight of authority from other circuits must have found the law to be as the plaintiff maintains."). As noted above, however, because we have concluded that defendants' conduct did not violate the Eighth Amendment, "there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.

including slippery shower floors with no safety features). Thus, the question is whether this case presents sufficiently special or unique circumstances that require us to depart from the general rule barring Eighth Amendment liability in prison slip and fall cases.

Plaintiff claims that his situation is distinguishable from the typical prison slip and fall case because he was on crutches and he had specifically warned defendants that he was at a heightened risk of falling prior to the incident on February 18, 1999. We disagree. It is undisputed that plaintiff first became aware of the standing-water problem on or about December 27, 1998–some seven weeks before he fell on February 18, 1999–and it is also undisputed that plaintiff safely entered and exited the shower area on crutches on numerous occasions prior to his fall on February 18. Consequently, we conclude, as a matter of law, that the hazard encountered by plaintiff was no greater than the daily hazards faced by any member of the general public who is on crutches, and that there is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim.

The judgment of the district court is AFFIRMED. Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. We remind plaintiff that he must continue making partial payments on court fees and costs previously assessed until such have been paid in full. We also construe

the letter that the court received from plaintiff on December 15, 2003 to be a

motion for leave to file a reply brief out of time, and we GRANT the motion. [3]

---

[3]     Plaintiff's reply brief is entitled "Brief of Appellant's Final Response." Plaintiff submitted the reply brief to this court on December 9, 2003, and it was entered on the court's docket on December 10, 2003.