**Desiree HERRERA, Plaintiff,**

v.

**CITY OF ALBUQUERQUE, Officer M.L. O'Brien, in her individual capacity and John Does I through V, in their individual capacities, Defendants.**

No. CIV–07–1128 LAM/ACT.

United States District Court,
D. New Mexico.

Dec. 19, 2008.

David Meilleur, Law Offices of Nancy L. Simmons, Nancy L. Simmons, Albuquerque, NM, for Plaintiff.

Erika E. Anderson, Robles, Rael & Anaya, P.C., Albuquerque, NM, Kathryn Levy, City of Albuquerque Legal Department, Albuquerque, NM, for Defendants.

*MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DEFENDANT O'BRIEN'S INDIVIDUAL LIABILITY (Doc. 64)*

LOURDES A. MARTÍNEZ, United States Magistrate Judge.

**THIS MATTER** is before the Court on *Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability (Doc. 64 )* (hereinafter *"Motion for Reconsideration"*), filed on December 1, 2008. On December 5, 2008, Plaintiff filed a response titled *Plaintiff's Response to Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability, Document No. 64 (Doc. 72 )* (hereinafter *"Response"*); on December 12, 2008, Defendants filed a reply titled *Defendants' Reply to Plaintiff' Response to Their Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability (Doc. 95 )* (hereinafter *"Reply"*); on December 18, 2008 Plaintiff filed a surreply titled *Plaintiff's Surreply to Defendants' Reply to Plaintiff's Response to Defendants' Motion to Reconsider the Court's Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability (Doc. 13 )* (hereinafter *"Surreply"*). The undersigned United States Magistrate Judge,

acting upon consent and designation pursuant to 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73(b), and having considered the record, relevant law, and being otherwise fully advised, **FINDS,** for the reasons set forth below, that *Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability (Doc. 64 )* should be **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

On November 24, 2008, ·673 F.Supp.2d 1307 (D.N.M.2008) the Court entered an *Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant M.[ ]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 48) (Doc. 60 ).* In its Order, the Court found that, based on the facts presented to the Court at that time, there were no genuine issues of material fact, and that Officer O'Brien arrested Plaintiff without probable cause. *See id.* at 1312, 1316. The Court, therefore, held that Officer O'Brien is liable for Plaintiff's state law and federal claims. *Id.* at 1316–17.

■ Defendants brought their motion for reconsideration under Fed.R.Civ.P. 59(e), stating that they "are not taking issue with the Court's reasoning [in granting Plaintiff's motion for summary judgment], but are asking that, as a matter of law, the Court find that Officer O'Brien is entitled to qualified immunity and find that she is immune from suit." *Motion for Reconsideration (Doc. 64 )* at 1. Defendants acknowledge that they did not raise the issue of qualified immunity in any previous motion or in their response to Plaintiff's motion for summary judgment. *Id.* at 2. However, Defendants argue that Officer O'Brien has not waived her right to raise qualified immunity because it was

raised as an affirmative defense in Defendant's answer to Plaintiff's complaint as well as in the Pretrial Order. *Id.*; *see also City of Albuquerque and Officer M.[ ]L. O'Brien's Answer to First Amended Complaint for Violations of Civil Rights and Common Law Torts* (*Doc. 15* ) at 7, and *Pretrial Order* (*Doc. 63* ) at 8. Defendants contend that Officer O'Brien is entitled to qualified immunity because her conduct did not violate clearly established law, which is determined by inquiring "whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." *Motion for Reconsideration* (*Doc. 64* ) at 3 (citing *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Defendants claim that because the Court stated in its order granting Plaintiff's motion for summary judgment that the question of whether Officer O'Brien had probable cause to arrest Plaintiff was a "close case," "it would not have been clear to a reasonable officer what the law required." *Motion for Reconsideration* (*Doc. 64* ) at 3; *see also Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant M.[ ]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 48)* (*Doc. 60* ) at 15. Defendants also argue that "it would have been reasonable for the arresting officer to arrest Plaintiff where there was probable cause to believe that a criminal offense had been or was being committed, even if there was not probable cause for the offense charged." *Motion for Reconsideration* (*Doc. 64* ) at 3.

In her *Response,* Plaintiff first argues that Defendants' *Motion to Reconsider* is "inappropriate and untimely" because it is a dispositive motion that should have been filed within the Court's deadline for motions on dispositive legal issues. *Response* (*Doc. 72* ) at 6. Second, Plaintiff contends that Officer O'Brien is not entitled to qualified immunity because at the time of

Plaintiff's arrest, it was clearly established "that an arrest not supported by probable cause is unlawful." *Id.* at 8. Plaintiff relies on *Fogarty v. Gallegos*, 523 F.3d 1147 (10th Cir.2008), where the Tenth Circuit stated that " '[i]n the context of an unlawful arrest, [the qualified immunity] analysis is simple, for the law was and is unambiguous; a government official must have probable cause to arrest an individual.' " *Response* (*Doc. 72* ) at 8 (quoting *Fogarty*, 523 F.3d at 1158–59). Plaintiff also relies on the Court's determination that Officer O'Brien acted without probable cause, and states that "this determination alone is dispositive of the qualified immunity issue in that a reasonable officer would not effectuate an arrest not supported by probable cause and that Plaintiff's rights in this regard are clearly established." *Response* (*Doc. 72* ) at 8. In addition, Plaintiff contends that "New Mexico law regarding the circumstances under which the elements of the crime of child endangerment are present is also perfectly clear." *Id.* at 9. Specifically, Plaintiff states that New Mexico law is clear that a violation of the New Mexico child abuse statute requires that the child be "within the zone of danger and physically close to an inherently dangerous situation." *Id.* (quoting *State v. Jensen*, 140 N.M. 416, 143 P.3d 178, 181 (2006)).

In their *Reply,* Defendants argue that "Tenth Circuit law is clear that qualified immunity can be raised throughout the stages of the litigation process." *Reply* (*Doc. 95* ) at 4. Defendants then state that the law governing child abuse cases is not clearly established in the Tenth Circuit. *Reply* (*Doc. 95* ) at 6. Defendants also contend that Officer O'Brien was objectively reasonable in her decision to arrest Plaintiff, and Defendants introduce three new facts that they claim give additional support for the reasonableness of Officer O'Brien's actions. *Id.* at 8–9. Defendants further argue that Officer O'Brien may

have had probable cause to arrest Plaintiff for a different crime other than the one for which she was arrested (although Defendants fail to mention any other crime and merely cite to the C.J.S. treatise, "43 C.J.S. Infants S. 115"), even though she lacked probable cause to arrest Plaintiff for violating the crime she was arrested for. *Id.* at 9–10.

In her *Surreply,* Plaintiff contends that Officer O'Brien was not objectively reasonable when she arrested Plaintiff, even under the qualified immunity standard for objective reasonableness. *See Reply (Doc. 13)* at 5. Plaintiff states that Officer O'Brien's conduct was "plainly incompetent" because the facts available to her at the time of Plaintiff's arrest did not point to the conclusion that Plaintiff was in violation of New Mexico child abuse statute. *Id.* at 5–7. Plaintiff does not dispute the facts introduced by Defendants in their *Reply,* but Plaintiff argues that these facts do not "change[ ] the determination as to the reasonableness of the arrest in light of the totality of the circumstances." *Id.* at 8.

## II. ANALYSIS

### A. Rule 59(e) Motion for Reconsideration

 Defendants state in their *Reply* that, "if the motion to reconsider is filed within ten days of the district court's entry of judgment, it is treated as a [Rule 59(e) ] motion to alter or amend the judgment." *Reply* at 1.[1] A Rule 59(e) motion for recon-

sideration "should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997) (quotation and citation omitted). Rule 59(e) may not be used "to raise legal arguments that [ ] could have and should have [been] raised before the court issued its judgment." *Servants of the Paraclete, Inc. v. Great American Ins. Co.,* 866 F.Supp. 1560, 1581 (D.N.M.1994) (citing *Steele v. Young,* 11 F.3d 1518, 1520 n. 1 (10th Cir.1993)). The district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. *Phelps,* 122 F.3d at 1324. Rule 59(e) "applies to cases involving summary judgment as well as those involving judgment after trial." *Servants of the Paraclete, Inc.,* 866 F.Supp. at 1581 (citations omitted).

 Defendants present no argument that the Court has committed a manifest error of law, nor do they present newly discovered evidence. While Defendants raise three new facts in their *Reply,* they do not claim that any of these facts are "newly discovered."[2] Instead, Defendants are clearly attempting to use Rule 59(e) "to raise legal arguments that [they] could have and should have raised" prior to judgment. *Servants of the Paraclete, Inc.,* 866 F.Supp. at 1581. Therefore, the Court denies Defendants' *Motion for Reconsideration* to the extent that it is a motion asking the Court to reconsider its *Order Granting Plaintiff's Motion for Sum-*

---

1. Federal Rule of Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 10 days after entry of judgment." Defendants filed their motion within ten days of the Court granting partial summary judgment in favor of Plaintiff on the issue of Officer O'Brien's liability for violating Plaintiff's constitutional right to be free from being arrested without probable cause.

2. Nor could Defendants claim these are "newly discovered" facts since Defendants learned of them during Plaintiff's deposition on June 19, 2008, which was prior to the Court's deadline for dispositive motions. *See Reply (Doc. 95–3)* at Exhibit B, deposition pages 45 and 50, and *Motion in Limine No. III and Memorandum in Support: The Admission Into Evidence of Herrera's Alcohol Use on October 5, 2005 (Doc. 100–2)* at Exhibit A, deposition page 60.

*mary Judgment on the Issue of Defendant M.[ ]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 48) (Doc. 60 )* under Rule 59(e).

### B. Motion for Qualified Immunity

██ In addition to asking the Court to reconsider its Order on Plaintiff's motion for summary judgment, Defendants also ask the Court to "determine that [Officer] O'Brien is immune from liability and entitled to qualified immunity." *Motion for Reconsideration (Doc. 64 )* at 4. While the Court is reluctant to consider this argument because it is raised in a motion for reconsideration under Rule 59(e) and has not been previously considered by the Court, it appears that Defendants are correct in their claim that they have not waived this defense and that they may present it even at this late stage in the case. While "[i]mmunity ordinarily should be decided by the court long before trial," *Hunter v. Bryant,* 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991), the Tenth Circuit has specifically stated that defendants are not prevented from raising the qualified immunity defense "in the absence of a prior summary judgment motion." *Melton v. City of Okla. City,* 879 F.2d 706, 727 (10th Cir.1989) (citation omitted) (holding that the defendants properly preserved the issue of immunity on appeal because they raised it in their answer, pretrial order, in oral motions for directed verdict, and objected to the jury instruction on immunity). Moreover, the Tenth Circuit has "consistently held ... that 'qualified immunity can be raised at any time and a district court may enter ... judgment on that ground at any point before trial at which it is appropriate.'" *MacArthur v. San Juan County,* 495 F.3d 1157, 1162 (10th Cir.2007) (quoting *Langley v. Adams County,* 987 F.2d 1473, 1481 n. 3 (10th Cir.1993)). Therefore, the Court finds that Defendants have not waived this defense and the Court will consider it, even at this late date in the proceedings.

██ In the absence of a material factual dispute, determining whether a defendant is entitled to qualified immunity is a legal question for the Court to decide. *Keylon v. City of Albuquerque,* 535 F.3d 1210, 1217 (10th Cir.2008). "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff, who must first establish that the defendant violated a constitutional right." *Vondrak v. City of Las Cruces,* 535 F.3d 1198, 1204 (10th Cir.2008) (citing *Reynolds v. Powell,* 370 F.3d 1028, 1030 (10th Cir.2004)). Here, the Court has already found that Plaintiff has established a constitutional violation by finding that Officer O'Brien arrested Plaintiff without probable cause. The plaintiff must then show that the constitutional right was clearly established. *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. To determine whether a right is clearly established, the Court "assesses the objective legal reasonableness of the action at the time of the alleged violation and asks whether the right was sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Keylon,* 535 F.3d at 1218 (quotation, alteration and citation omitted).

██ The Tenth Circuit has held that for a right to be clearly established "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Vondrak,* 535 F.3d at 1205 (quoting *Medina v. City of Denver,* 960 F.2d 1493, 1498 (10th Cir. 1992)). "Though a plaintiff is not required to show that the specific conduct was previously found to have been held unlawful, there must be a substantial correspondence so that the unlawfulness was apparent [to the officer]." *Herring v. Keenan,*

218 F.3d 1171, 1179 (10th Cir.2000) (citation omitted). "A plaintiff cannot simply identify a clearly established right in the abstract and allege that the defendant has violated it, ... [instead] [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Herring*, 218 F.3d at 1176 (quotations and citations omitted). The inquiry into whether a right is clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151. In addition, the Court must "recognize[ ] that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and ... in such cases those officials ... should not be held personally liable." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (citation omitted).

■ Here, Plaintiff has not called to the Court's attention, nor has the Court found, any cases from either the Supreme Court, the Tenth Circuit, or other courts, that clearly establish what would constitute probable cause to arrest for child abuse or endangerment to the extent that Officer O'Brien was put on notice that arresting Plaintiff was clearly unlawful in the situation she confronted. Plaintiff argues that *Fogarty* directs the Court to deny qualified immunity to Officer O'Brien because the law was clearly established that "a government official must have probable cause to arrest an individual." *Fogarty*, 523 F.3d at 1158–59. However, the qualified immunity analysis conducted in *Fogarty* is not as simple as Plaintiff contends. Instead, the Tenth Circuit determined that the New Mexico cases interpreting the statute under which the plaintiff in *Fogarty* was arrested are as "equally unambiguous" as the general proposition that an officer must have probable cause for arrest. *Id.* at 1159.

The cases interpreting New Mexico's child abuse statute are not as unambiguous. While the Court has found that those cases show that Officer O'Brien did not have probable cause to arrest Plaintiff under the facts with which the Court was presented at the time of its ruling on Plaintiff's motion for summary judgment, the Court does not find that these cases "clearly established" what constitutes probable cause for arrest such that an officer would be put on notice for qualified immunity purposes. The standard articulated in those cases is that the child must be "within a zone of danger and physically close to an inherently dangerous situation" to constitute a crime under N.M.S.A. § 30–6–1. *State of New Mexico v. Jensen*, 140 N.M. 416, 143 P.3d 178, 181 (2006).

Based on the undisputed facts that Plaintiff's apartment was filthy, the bathtub contained backed-up sewage, razors were on the floor, and there was very little food in the apartment, the Court finds that an officer could reasonably be mistaken in believing that the child was in a zone of danger. An officer's mistaken belief that he or she could arrest on these undisputed facts is not objectively unreasonable given that New Mexico courts have continued to clarify what constitutes a crime under N.M.S.A. § 30–6–1 since the time of Plaintiff's arrest. *See State of New Mexico v. Jensen*, 140 N.M. 416, 143 P.3d 178, 181–183 (2006) (holding that filthy living conditions alone did not provide sufficient evidence to uphold a child abuse conviction, but rather evidence that Defendant supplied alcohol to the child on a daily basis and cooked him rotten food on a stove-top littered with rodent droppings provided a reasonable probability or possibility that Defendant had committed child endangerment) and *State of New Mexico v. Chavez*, 145 N.M. 11, 193 P.3d 558, 561–62 (2008) (upholding the defendant's conviction for

child abuse where, in addition to unsanitary and unsafe conditions in the home, the evidence showed that the parents had been referred by CYFD for services and parenting skills classes, so the court found that the parents understood that the conditions of their home may have endangered the children). Therefore, the Court cannot say that an objective officer would have been on notice that his or her conduct was unlawful given the state of the law at the time of Plaintiff's arrest. Moreover, while the Court may not consider the new facts raised in Defendants' *Reply* as grounds for a motion for reconsideration under Rule 59(e) because they are not newly discovered, the Court would have to consider these facts on a motion for qualified immunity that can be made by Defendants either before, during or after trial. These undisputed facts, now before the Court for the first time, that the child put a diaper in the backed-up bathtub on the day Plaintiff's arrest occurred, indicting he had been in contact with the black, malodorous water, and that the child may have been scratched by the pit bull, offer additional support that a reasonable officer could have concluded that there was a "reasonable probability or possibility that the child w[ould] be endangered." *State of New Mexico v. Graham,* 137 N.M. 197, 109 P.3d 285, 289 (2005) (quotation and citation omitted), *Response (Doc. 95)* at 8–9.

In addition, the Court does not find that the law in the Tenth Circuit is "clearly established" that Officer O'Brien's conduct was unlawful in the situation she confronted. In addressing the issue of probable cause to arrest for child abuse or endangerment, the Tenth Circuit has held that it is clearly established that an "unsubstantiated double-hearsay statement from a two-year-old, standing alone, does not give rise to probable cause," (*Cortez v. McCauley,* 478 F.3d 1108, 1118 (10th Cir.2007)), and that social workers may not enter a home to take a child into protective custody ab-

sent a warrant or exigent circumstances (*see Roska v. Peterson,* 328 F.3d 1230, 1247, 1250 n. 23 (10th Cir.2003)). Neither of these cases provide a "substantial correspondence" to the facts confronting Officer O'Brien when she arrested Plaintiff such that the unlawfulness of the arrest was apparent to Officer O'Brien. *Herring v. Keenan,* 218 F.3d at 1179. Indeed, the Tenth Circuit in *Roska* stated that "Courts have reached differing results concerning the difficult issue of the scope of the fourth amendment protection in the context of a child abuse investigation." *Roska,* 328 F.3d at 1249 (quoting *Snell v. Tunnell,* 920 F.2d 673, 697 (10th Cir.1990)).

██ The Court also finds no merit to Plaintiff's argument that, since the Court has already found that Plaintiff's arrest was not supported by probable cause, it must follow, therefore, that "Plaintiff's rights in this respect are clearly established." *Response (Doc. 72)* at 8. While it is clearly established that arrest without probable cause is a violation of the Fourth Amendment, the Court cannot deny qualified immunity to Officer O'Brien by applying the "clearly established law" test at this level of generality. *See Anderson,* 483 U.S. at 639, 107 S.Ct. 3034. In *Anderson,* the Supreme Court stated that, "[i]t simply does not follow immediately from the conclusion that it was firmly established that warrantless searches not supported by probable cause and exigent circumstances violate the Fourth Amendment that Anderson's search was objectively legally unreasonable." *Id.* at 641, 107 S.Ct. 3034. Indeed, the Supreme Court "ha[s] recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present...." *Id.* Therefore, the Court cannot deny Officer O'Brien qualified immunity simply because Court has previously found that she violated Plain-

tiff's Fourth Amendment rights. *See, e.g., Roska,* 328 F.3d at 1247–51 (finding that social workers violated Plaintiff's Fourth Amendment rights in seizing child, but were entitled to qualified immunity because the law was not clearly established at the time of the seizure).

■■■ Finally, even if the Court were to find that the law was clearly established that Officer O'Brien did not have probable cause to arrest Plaintiff in the situation she confronted, the Court finds that Officer O'Brien's actions were "objectively legally reasonable" under the qualified immunity standard. The United States Supreme Court has held that there is a "distinction between the reasonableness standard for" Fourth Amendment violations "and the qualified immunity inquiry." *Saucier,* 533 U.S. at 203, 121 S.Ct. 2151 (citing *Anderson,* 483 U.S. 635, 107 S.Ct. 3034). "The qualified immunity inquiry ... has a further dimension" than an inquiry into a Fourth Amendment violation. *Saucier,* 533 U.S. at 205, 121 S.Ct. 2151. This inquiry is an acknowledgment that "officers perform their duties with considerable uncertainty as to whether particular searches or seizures comport with the Fourth Amendment." *Id.* at 203, 121 S.Ct. 2151 (quotation omitted). In determining whether an officer's actions were reasonable for qualified immunity purposes, the Court must decide whether an "officer's mistake as to what the law requires is reasonable," and if it is, "the officer is entitled to the immunity defense." *Id.* at 205, 121 S.Ct. 2151.

Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause ... and in those situations courts will not hold that they have violated the Constitution. Yet, even if a court were to hold that the officer violated the Fourth Amendment by conducting an unreasonable, warrantless search, *Anderson* still operates to

grant officers immunity for reasonable mistakes as to the legality of their actions.... [Q]ualified immunity can apply in the event the mistaken belief was reasonable.

*Id.* at 206, 121 S.Ct. 2151.

Here, a reasonable officer could mistakenly believe that arresting Plaintiff under the circumstances Officer O'Brien confronted was lawful, especially given the Court's interest in protecting children from abuse and neglect. Indeed, the United States Supreme Court has explained that "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Anderson,* 483 U.S. at 638, 107 S.Ct. 3034 (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). While Plaintiff argues in her **Surreply** that Officer O'Brien's actions were "plainly incompetent" because the facts before her did not establish that Plaintiff had violated New Mexico's child abuse statute (*see **Reply** (Doc. 13 )* at 5–7), as explained above, the Court finds that a reasonable officer could have reasonably, but mistakenly, thought that the situation he or she confronted at Plaintiff's apartment constituted a crime under N.M.S.A. § 30–6–1. Therefore, Officer O'Brien is entitled to qualified immunity.

Because Defendants are entitled to raise the defense of qualified immunity even outside the dispositive motions deadline, and because there are no disputed material facts, the Court must determine as a matter of law whether Officer O'Brien is entitled to qualified immunity. *See Keylon,* 535 F.3d at 1217. Even though Plaintiff has established that Officer O'Brien violated her Fourth Amendment rights by arresting her without probable cause, Plaintiff was unable to show that the "contours of the right were sufficiently clear" such that Officer O'Brien would under-

stand that her actions were unlawful. *Herring*, 218 F.3d at 1176. The Court, therefore, finds that Officer O'Brien's actions were objectively reasonable under the qualified immunity standard for reasonableness, and that she is entitled to qualified immunity.

### C. Arrest for Crime for Which Plaintiff was not Charged

Defendants state that pursuant to *Devenpeck v. Alford*, 543 U.S. 146, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004), the "Court should consider whether Officer O'Brien had probable cause to arrest [Plaintiff] for crimes for [ ] which [Plaintiff] was not charged." *Reply* (*Doc. 95* ) at 10. Defendants do not state which other crimes Plaintiff could have been arrested for. The Court does not find that *Devenpeck* requires it to determine which possible alternative offenses Plaintiff could have been arrested for in order to find probable cause for her arrest. In *Devenpeck*, the Court rejected the Ninth Circuit Court of Appeals' holding that if an officer arrests a person under a stated charge, but the officer only has probable cause to arrest the person under a different charge, then the two charges must be "closely related" to establish probable cause. 543 U.S. at 152–53, 125 S.Ct. 588. Unlike this case, however, the officers in *Devenpeck* set forth the alternative offenses under which they claimed they had probable cause to arrest. *Id.* at 152, 125 S.Ct. 588. The Court will not guess what other offenses Officer O'Brien may have had probable cause to arrest Plaintiff for in order to establish probable cause for Plaintiff's arrest under N.M.S.A. § 30–6–1.

### D. Claims Under the New Mexico Tort Claims Act

██ Plaintiff states that Defendant City of Albuquerque is not entitled to qual-

ified immunity as to Plaintiff's claims under the New Mexico Tort Claims Act. *See Response* (*Doc. 72* ) at 7 n. 2. Because there are no federal claims remaining after finding qualified immunity for Officer O'Brien, the Court may decline supplemental jurisdiction over the state claims.[3] *See* 28 U.S.C. § 1367(c)(3). The Court believes that the best course of action would be to decline to exercise its supplemental jurisdiction and allow the New Mexico state courts to decide the issues of state law that remain. *See Smith v. City of Enid, By and Through the Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

### III. CONCLUSION

The Court finds that *Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability* (*Doc. 64* ) fails as a motion under Rule 59(e). The Court also finds, however, that Plaintiff has failed to show that Officer O'Brien's actions violated clearly established law, and, therefore, the Court finds that Officer O'Brien is entitled to qualified immunity.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Reconsider Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability* (*Doc. 64* ) is **DENIED in part and GRANTED in part.** An order of final judgment in favor of Defendants on Plaintiff's claims under 42 U.S.C. § 1983 will be entered concurrently with this memorandum opin-

---

**3.** Plaintiff's Section 1983 claims against the City of Albuquerque based on supervisory liability were dismissed by the Court. *See Order Granting Plaintiff's Unopposed Motion to Dismiss Certain Claims* (*Doc. 70* ).

ion and order. The Court will remand the remaining case to the Second Judicial District Court, County of Bernalillo, State of New Mexico for further proceedings regarding the remaining state claims.

**IT IS SO ORDERED.**