FILED
United States Court of Appeals
Tenth Circuit

December 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ERNIE CALBART,

      Plaintiff-Appellant

v.

THE DENVER SHERIFF
DEPARTMENT; DEPUTY SHERIFF
WISE; DEPUTY SHERIFF BURKE,

      Defendants-Appellees.

No. 12-1156
(D.C. No. 1:10-CV-01385-LTB-CBS)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Ernie Calbart appeals pro se from the district court's grant of summary

judgment in favor of defendants on his civil rights claim under 42 U.S.C. § 1983.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Calbart alleged in his third amended complaint that he suffered from a disability related to pain in both of his knees. While he was a pre-trial detainee at the Denver County Jail, a doctor issued a medical restriction on April 13, 2010, prescribing a bottom tier cell and a bottom bunk for Calbart. He alleged that he informed defendants Wise and Burke of the medical restriction and his inability to climb stairs, but Wise assigned him to a second-floor cell on April 23. Calbart claimed that he fell down the stairs on May 1, 2010, and his resulting injuries require him to use a wheelchair.

The district court construed Calbart's third amended complaint as bringing a claim under the Americans with Disabilities Act ("ADA") and a claim against defendants Wise and Burke in their individual capacities for violating his rights under the Eighth or Fourteenth Amendments. Only the latter claim against Wise is at issue in this appeal.[1]

Defendants moved for summary judgment under Fed. R. Civ. P. 56(a). They argued, inter alia, that Wise was entitled to qualified immunity on Calbart's civil rights claim. Calbart responded and the district court referred the motion to a magistrate judge for a report and recommendation ("R&R"). The magistrate judge analyzed Calbart's claim under the Eighth Amendment standard for unconstitutional

---

[1] The district court granted summary judgment on Calbart's ADA claim after he conceded it was moot and voluntarily withdrew it. The court dismissed without prejudice all claims against defendant Burke under Fed. R. Civ. P. 4(m) because Burke was not served with the complaint. Calbart does not challenge either of these rulings on appeal.

conditions of confinement. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) ("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." (citation omitted)). "To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quotations omitted). Because Wise asserted the defense of qualified immunity, Calbart bore "a heavy two-part burden [to] show (1) that the defendant's actions violated a constitutional right, and (2) that the right allegedly violated was clearly established at the time of the conduct at issue." *Id.* at 1030 (quotation, ellipsis, and brackets omitted).

The magistrate judge concluded that Calbart failed to show that Wise's actions violated his Eighth Amendment rights. Therefore, Wise was entitled to qualified immunity, and the R&R recommended a grant of summary judgment in favor of Wise on Calbart's civil rights claim. Calbart filed timely objections to the R&R and the district court reviewed it de novo. The court concluded the R&R was correct and granted defendants' motion for summary judgment. Calbart filed a timely notice of appeal.

In the argument section of his pro se appeal brief, Calbart states only "see page (2)." Aplt. Br. at 3. The only text on page 2 of his brief that could be construed as "argument" is the following statement: "Defendant was deliberate[ly] indiffere[nt] to Mr. Calbart['s] disabilities[] and safety by housing him on 2nd floor 2 flights of stairs." *Id.* at 2. Calbart provides no further argument, no citation to the record, and he cites a single case that is inapposite to his Eighth Amendment claim. *See id.* at 4 (citing *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394 (8th Cir. 2004) (affirming summary judgment on claim alleging wrongful discharge in violation of First Amendment)).

"Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation, quotations, and brackets omitted). "Under [Federal Rule of Appellate Procedure] 28, which applies equally to pro se litigants, a brief must contain more than a generalized assertion of error . . . ." *Id.* at 841 (quotations and ellipsis omitted). Thus, perfunctory allegations of error that fail to frame and develop an issue are insufficient to invoke appellate review. *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

This court provides pro se litigants with a form to guide them in presenting their appellate issues and arguments. When properly completed, we accept this form

in lieu of a formal brief. And while "we make some allowances for the pro se plaintiff's failure to cite proper legal authority, . . . the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840 (citation, quotation, and brackets omitted). Calbart submitted his brief using the pro se form, but even liberally construed, his brief is "wholly inadequate to preserve issues for review," and we decline to exercise our discretion to "delve for substance" in it in order to consider his appeal. *Id.*

The judgment of the district court is AFFIRMED. Calbart's motion for leave to proceed on appeal without prepayment of the filing fee is DENIED, and he is ordered to immediately remit to the court the unpaid balance of the filing fee.

Entered for the Court


Stephen H. Anderson
Circuit Judge