**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

IRINEO GARCIA,

    Plaintiff - Appellant,

v.

DAN SCHNURR; MISTI
KROEKER; GERALD SHERIDAN;
CHRIS SCHNEIDER; MICHAEL
LAMB; DAVID GORGES;
JEFFREY PETTIJOHN; NATASHA
HAYS; APRIL RICHARDS;
ANGELA WEST; MACY ROOT;
JOE JACKSON; DEB LUNDRY;
TIM MEAD; CORIZON; DOUGLAS
W. BURRIS,

    Defendants - Appellees.

No. 23-3053
(D.C. No. 5:19-CV-03108-DDC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH** and **KELLY**, Circuit Judges, and **LUCERO**, Senior
Circuit Judge.

_____

---

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. *See* Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

Mr. Irineo Garcia is an inmate who was previously housed at the Hutchinson Correctional Facility. Mr. Garcia had the bottom part of his right leg amputated, so showering could be dangerous. Given the dangers, Mr. Garcia asked officials at Hutchinson to provide safety accommodations in the showers. Dissatisfied with what they provided, Mr. Garcia sued, invoking 42 U.S.C. § 1983 and the Americans with Disabilities Act to claim that Hutchinson officials had acted with deliberate indifference and had failed to provide adequate accommodations.

The district court dismissed all of the claims. Mr. Garcia appeals, and we affirm because he has not provided a viable reason to question the district court's rulings.

**Denial of motion to appoint counsel**

In his opening brief, Mr. Garcia contends that the district court should have appointed counsel because "ADA law is complicated." Appellant's Opening Br. at 4 ¶ 7.

In district court, Mr. Garcia moved for appointment of counsel based on the complexity of the legal issues, limited access to the law library during his time in segregation, and limited knowledge of the law. The district court denied the motion, reasoning that Mr. Garcia had been able to present his claims "cogently and intelligently." R. vol. 1, at 199.

In reviewing this ruling, we apply the abuse-of-discretion standard. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). To determine whether

the court abused its discretion, we consider the limitations on what the court could do. The court couldn't require an attorney to take the case; the court could only ask an attorney to represent Mr. Garcia. *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). Courts may be reluctant to ask too often because so many indigent parties seek help in getting legal representation "and only a small number of attorneys are available to accept these requests." *Id.* at 397. In determining whether Mr. Garcia's claims merited a request among this limited pool of attorneys, the court needed to consider not only the complexity of the issues but also Mr. Garcia's ability to present the claims. *Id.*

In gauging the complexity of the issues and Mr. Garcia's ability to present the claims, the district court acted within its discretion. On appeal, Mr. Garcia says that an attorney could help him put the case in "legal terms the Court can understand." Appellant's Opening Br. at 4 ¶ 8. But the district court didn't express confusion about Mr. Garcia's allegations. He filed a meticulous, 22-page complaint identifying his claims, his factual allegations, and his demands.

He says that "ADA law is complicated." Appellant's Opening Br. at 4 ¶ 7. But the ADA claims survived initial screening, with the district court concluding that Mr. Garcia had stated a plausible claim under the ADA. So when the district court ruled on the motion to appoint counsel, Mr. Garcia

3

had already done everything required of him. The court thus had little reason to seek representation for Mr. Garcia.

The district court denied the motion without prejudice to a future motion. So Mr. Garcia could seek counsel again if circumstances were to change. We thus conclude that the district court didn't abuse its discretion in denying Mr. Garcia's motion for appointment of counsel.

### Dismissal of claims

Nor did the court err in dismissing the claims.

**1.     Mr. Garcia didn't show that the court had erred by dismissing his claim involving a denial of equal protection.**

In the complaint, Mr. Garcia claimed a denial of equal protection. The district court dismissed this claim for failure to exhaust available administrative remedies.

Mr. Garcia waited until his reply brief to address the dismissal of his equal protection claim. The reply brief was too late because Mr. Garcia had needed to present his appellate argument in his opening brief. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

But even in the reply brief, Mr. Garcia doesn't address the district court's reasoning. Mr. Garcia instead insists that he presented his claim within the applicable period of limitations. But the district court didn't dismiss the claim based on the limitations period; the dismissal instead rested on a failure to exhaust available administrative remedies. Mr.

4

Garcia's failure to address the court's rationale prevents us from disturbing this ruling. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (stating that an appellant must "explain what was wrong with the reasoning that the district court relied on in reaching its decision").[1]

**2.    The district court didn't err in dismissing the claim of cruel and unusual punishment.**

Because Mr. Garcia was an amputee, prison authorities provided him with a bench so that he could sit while showering. But Mr. Garcia believed that the bench was unsafe and would create cruel and unusual punishment. The district court dismissed this claim, concluding that the alleged safety risk hadn't amounted to cruel and unusual punishment.

Mr. Garcia appeals this ruling, but argues only that prison authorities had other facilities that could have eliminated the risk of injury. This argument doesn't address the district court's reason for dismissing the claim. *See Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (concluding that prison authorities were entitled to summary judgment because a slippery shower floor didn't violate the Eighth Amendment by

---

[1]    Mr. Carter's pro se status doesn't relieve him of the obligation to identify an error in the district court's reasoning. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)).

creating a risk that a prisoner would fall). We thus lack any basis for disturbing this ruling. *See* p. 4, above.

### 3.     Mr. Garcia hasn't preserved a claim involving substantive due process.

Mr. Garcia claims that the safety risk not only constituted cruel and unusual punishment, but also violated his right to substantive due process. But Mr. Garcia didn't present this claim in district court. So he failed to preserve this claim. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130–31 (10th Cir. 2011).

### 4.     Mr. Garcia hasn't addressed the district court's reasons for rejecting his claims under the Americans with Disabilities Act.

Mr. Garcia also asserted a claim under the Americans with Disabilities Act, seeking damages and an injunction. The district court dismissed this claim, reasoning that (1) the defendants enjoyed sovereign immunity as to damages and (2) the request for an injunction was moot. In his opening brief, Mr. Garcia again argues that the defendants violated the Act, but he doesn't address the district court's reasons for dismissing the claim. So we have no basis for disturbing the ruling. *See* p. 4, above.[2]

---

[2]     In his reply brief, Mr. Garcia argues that the claim for an injunction wasn't moot because authorities could return him to Hutchinson. But Mr. Garcia needed to make this argument in the opening brief rather than wait until the reply brief. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

6

**Request for appellate counsel**

Mr. Garcia asks us to appoint an attorney for him to show that (1) the claim under the Americans with Disabilities Act is not moot because he could be returned to Hutchinson and (2) an attorney could put the case in legal terms that we can understand.

Like the district court, however, we cannot force an attorney to take the case. *See* Part 1, above. We can only ask an attorney to represent Mr. Garcia. *See id.* Without some basis to expect Mr. Garcia's return to Hutchinson, we doubt that Mr. Garcia would have standing to base a claim on the possibility of a future injury. *See Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (stating that allegations about the possibility of a future injury would not create standing). We thus lack a basis to seek representation for Mr. Garcia.

\* \* \*

We affirm the district court's dismissals and denial of the motion for appointment of counsel. We also decline to request appellate counsel for Mr. Garcia. But we grant Mr. Garcia's request for leave to proceed in forma pauperis.

Entered for the Court

Robert E. Bacharach
Circuit Judge

7